Citation Nr: 1008497 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-18 150 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. 
Petersburg, Florida

THE ISSUES

1. Entitlement to service connection for asthma.

2. Entitlement to service connection for a foot disorder.

REPRESENTATION

Appellant represented by: The American Legion

WITNESS AT HEARING ON APPEAL

Appellant

ATTORNEY FOR THE BOARD

Michael J. Skaltsounis, Counsel

INTRODUCTION

The Veteran had active service from July 1990 to October 
1992.

This case comes before the Board of Veterans' Appeals (Board) 
on appeal from a July 2007 rating decision of the Department 
of Veterans Affairs (VA) Regional Office (RO) in St. 
Petersburg, Florida, which denied the above claims. Although 
the Veteran also expressed disagreement with the initial 
rating for his service-connected low back disorder, the 
record does not reflect that he filed a timely substantive 
appeal following the issuance of a statement of the case as 
to this issue in September 2008. Moreover, although the 
record contains an October 2008 congressional inquiry 
referencing the Veteran's appeal of the rating of the 0 
percent rating for his back disability, the Veteran was later 
assigned a 20 percent rating, and there is thereafter no 
indication by the Veteran or his representative that the 
comments in the October 2008 letter were intended to serve as 
an appeal of the Veteran's increased rating claim. At the 
time of the Veteran's hearing before the undersigned Veterans 
Law Judge in November 2009, the Veteran and his 
representative also agreed that the only issues for current 
appellate review were the Veteran's service connection 
claims. Consequently, the Board finds that these claims are 
the only issues subject to current appellate review. 

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the 
appellant if further action is required.

REMAND

Service connection may be granted for a disability resulting 
from personal injury suffered or disease contracted in the 
line of duty or for aggravation of a pre-existing injury or 
disease in the line of duty. 38 U.S.C.A. §§ 1110, 1131 (West 
2002); 38 C.F.R. § 3.303 (2009).

The United States Court of Appeals for Veterans Claims 
(Court) has held that in order to prevail on the issue of 
service connection on the merits, there must be medical 
evidence of a (1) current disability; (2) medical, or in 
certain circumstances, lay evidence of in-service incurrence 
or aggravation of a disease or injury; and (3) medical 
evidence of a nexus between the claimed in-service disease or 
injury and the present disease or injury. Hickson v. West, 
12 Vet. App. 247, 253 (1999).

Bilateral Foot Disorder

The Veteran's service treatment records reflect that in 
September 1990, the Veteran reported that he twisted his 
ankle when he jumped off a truck and hurt the ball of the 
foot. Although there was no swelling or redness, there was 
decreased range of motion and some problems with circulation. 
The assessment was "sprain ball of foot." In November 1991 
the Veteran's complaints included swollen feet. A physical 
examination in July 1992 revealed that the Veteran complained 
of a history of foot trouble. 

A private medical report from Dr. Beylin, dated in April 
2007, reflects the opinion that the Veteran had an inflamed 
ligament on the bottom of the foot called the plantar fascia. 
Dr. Beylin explained that the ligament supported the entire 
arch region, and that it may become inflamed for many 
reasons, including having tight leg muscles and walking 
barefoot, especially on hard surfaces. When excess stress 
was placed on the ligament, inflammation to the arch often 
developed. This result was commonly seen in people who 
increased their activity very quickly over a short period of 
time. The impression at this time was plantar fasciitis, 
bilateral feet. 

VA examination in June 2007 revealed that the Veteran had a 
history of an Achilles sprain and bruise of the left foot in 
1990. The Veteran now reported pain in both feet, heels, 
arch, and metatarsal heads. When walking or standing, he 
reported sharp pain in both feet. The etiology of this pain 
was noted as an injury to the Veteran's feet when he jumped 
from a two and a half ton truck during service. Examination 
at this time revealed normal feet without evidence of sprain. 

In a private medical statement, dated in July 2007, Dr. 
Beylin indicated that the Veteran's in-service injury to the 
ball of the left foot may have contributed to the current 
symptoms of plantar fasciitis. 

A VA outpatient record from November 2007 reveals a past 
medical history that included left heel calcaneal spur. 

A private medical report from Dr. Beylin, dated in April 
2008, reflects that he had reviewed medical records submitted 
by the Veteran, dated in September 1990. Thus, Dr. Beylin 
noted that the Veteran reported injury to his feet, more so 
to the left, back in 1990 when he was in the military. The 
Veteran believed that this may have caused his foot problem, 
which was diagnosed by Dr. Beylin as plantar fasciitis in 
2007. Having reviewed the medical records, Dr. Beylin 
believed that the original injury from 1990 may have been a 
contributing factor/cause for the development of plantar 
fasciitis. 

The Veteran was provided a VA examination in April 2007, this 
examiner did not render an etiological opinion with respect 
to the Veteran's claim for service connection for a foot 
disorder since he did not find the existence of any foot 
disability. However, the medical records dated since April 
2007 continue to contain diagnoses of plantar fasciitis, mild 
hallux valgus, and calaneal spurring, and a VA foot 
specialist reportedly prescribed orthotic insoles for the 
Veteran's shoes in early 2009. Consequently, since there is 
evidence of current foot disability, evidence of foot 
symptoms in service, complaints of continuing foot symptoms 
since service, and a private medical opinion finding that the 
Veteran's plantar fasciitis may be related to service, the 
Board finds that the Veteran should be afforded a new VA 
examination to determine whether it is at least as likely as 
not that any current bilateral foot disorder is related to 
active service. 

As the Veteran has also identified VA treatment in early 2009 
for which there are no treatment records in the clams folder, 
the Board finds that this issue must additionally be remanded 
so that VA can obtain treatment record for which it has been 
held to be in constructive possession. Bell v. Derwinski, 2 
Vet. App. 611 (1992).

Asthma

Service treatment records reflect that in July 1991, the 
Veteran complained of tightness in the chest, which was 
considered a possible reaction to medicine. In April 1992, 
the Veteran complained of chest congestion over the previous 
three days. Examination at this time was positive for a 
productive cough and a runny nose. The assessment was upper 
respiratory infection. 

Private records from April 1996 reflect that the Veteran's 
cough produced a yellow mucous. Examination of the chest 
revealed bilateral lower lobe rhonchi. Several days later, 
the chest was noted to be clear. Private records for the 
period of May to November 2006 reflect that the Veteran's 
diagnoses included mild, intermittent, exercised-induced 
asthma and allergic rhinitis. 

A VA outpatient treatment record from November 2007 contains 
a past medical history that included asthma. 

A private medical record from April 2008 reflects that the 
Veteran's problem list included asthma. The impression 
included non-allergic rhinitis and mild, intermittent, 
exercise-induced asthma. 

Consequently, since there is also current evidence of asthma, 
evidence of chest tightness in service, and complaints of 
continuing asthmatic symptoms since service, the Board finds 
that the Veteran should also be afforded a VA examination to 
determine whether it is at least as likely as not that any 
current diagnosis of asthma is related to active service. 

Accordingly, the case is REMANDED for the following action:

1. Arrangements should be made to 
obtain additional VA treatment records 
for the Veteran, dated since January 
2009.

2. Make arrangements for the Veteran 
to be afforded an appropriate 
examination to determine the nature and 
etiology of any current foot disorder, 
to include plantar fasciitis. The 
claims folder must be made available to 
the examiner for review and its 
availability should be noted in the 
opinion that is provided. All 
indicated studies should be conducted, 
and all findings reported in detail.

The examiner should state whether it is 
at least as likely as not (50 percent 
or greater) that any current foot 
disorder, to include bilateral plantar 
fasciitis, had its onset during active 
service or is related to any in-service 
disease or injury.

A detailed rationale for any opinion 
should be provided.

3. Make arrangements for the Veteran 
to be afforded an appropriate 
examination to determine the nature and 
etiology of his asthma. The claims 
folder must be made available to the 
examiner for review and its 
availability should be noted in the 
opinion that is provided. All 
indicated studies should be conducted, 
and all findings reported in detail.

The examiner should state whether it is 
at least as likely as not (50 percent 
or greater) that the Veteran's asthma 
had its onset during active service or 
is related to any in-service disease or 
injury.

A detailed rationale for any opinion 
should be provided.

4. Finally, readjudicate the claims on 
appeal. If the benefit sought on 
appeal remains denied, the Veteran and 
his representative should be provided a 
supplemental statement of the case, and 
given the opportunity to respond 
thereto.

Thereafter, the case should be returned to the Board, if in 
order. The Board intimates no opinion as to the ultimate 
outcome of this case. The appellant need take no action 
unless otherwise notified. The appellant has the right to 
submit additional evidence and argument on the matter or 
matters the Board has remanded. Kutscherousky v. West, 12 
Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals 
for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. 
See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2009).

_________________________________________________
JOAQUIN AGUAYO-PERELES
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the 
Board of Veterans' Appeals is appealable to the United States 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a 
decision of the Board on the merits of your appeal. 
38 C.F.R. § 20.1100(b) (2009).